**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:**<br><br>**REINALDO DEL VALLE RIVERA and ANGELITA SANTANA CRUZ**<br><br><br><br>**Debtor(s)** | **CASE NO.  12-06134**<br>**Chapter   13**<br><br><br>**Adversary No. 12-00428** |
| **REINALDO DEL VALLE RIVERA and ANGELITA SANTANA CRUZ**<br><br>**Plaintiff**<br>**vs.**<br><br>**JESUS BOSQUES AVILES**<br><br><br>**Defendant(s)** | <span style="color:red">**FILED & ENTERED ON 09/19/2013**</span> |

## OPINION & ORDER

Before this court is Debtors/Plaintiffs' Motion for Summary Judgment [Dkt. No. 11] and Defendant's Opposition  to the Motion for Summary Judgment [Dkt. No. 15]. For the reasons set forth below, Debtors/Plaintiffs' Motion for Summary Judgment is DENIED.

**I. Background**

Plaintiffs, Reinaldo Del Valle Rivera and Angelita Santana Cruz filed a chapter 13 bankruptcy petition on August 2, 2012. On August 3, 2013, this Court scheduled a confirmation hearing to be held on September 28, 2012. At the hearing, the court made several comments and

1

continued the hearing to February 20, 2013. On December 18, 2012, Plaintiffs filed an adversary proceeding against Defendant Jesus Bosques Aviles. Consequently, at the February 20, 2013 hearing the court determined that the confirmation of the chapter 13 plan was to be held in abeyance pending the outcome of this adversary proceeding.

Plaintiffs are married and reside on the real property at Azucena Street., #C-133, Loiza Valley, Canovanas, Puerto Rico (the "Canovanas Property"). A title search reveals that the Canovanas Property is subjected to two liens:

(1) RG Mortgage Corporation, now Banco Popular of Puerto Rico, holds a first mortgage lien on the subject property with a payoff balance, as of October 2012, in the amount of $82,412.12; and,

(2) Defendant holds a second mortgage lien on the subject property with a payoff balance, as of August 2012, in the amount of $17,694.66.

## II.  Summary Judgment Motion

The role of summary judgment is to look behind the facade of the pleadings and assay the parties' proof in order to determine whether a trial is required. Under Fed.R.Civ.P., Rule 56(c), made applicable in bankruptcy by Fed.R.Bankr.P., Rule 7056, a summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P., Rule 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact.  In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001).

2

A fact is deemed "material" if it potentially could affect the outcome of the suit. <u>Borges</u>, 605 F.3d at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." <u>Id.</u> at 4. The court must view the evidence in the light most favorable to the nonmoving party.  <u>Alt. Sys. Concepts, Inc. v. Synopsys, Inc.</u>, 374 F.3d 23, 26 (1st Cir. 2004). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." <u>Rijos</u>, 263 B.R. at 388.

In the summary judgment motion presently before the court, Plaintiffs argue that there are no genuine issues as to any material facts and that therefore the moving party is entitled to judgment as a matter of law. Plaintiffs' argument is two-fold:

(1) Defendant has only a secured claim against Plaintiffs in the amount of $7,587.88 because such amount is the only equity left after the property's first lien since the Canovanas Property was appraised at $90,000.00 on May 31, 2012. In the Defendant's Answer to Plaintiffs' Complaint, Defendant failed to establish any substantial defenses nor did Defendant attempt to submit documents demonstrating his own estimated value of the Canovanas Property. To this day, more than five months since the filing of this instant proceeding, Defendant has yet to provide an appraisal challenging Plaintiffs' appraised value.

(2) Defendant's claim can be modified under 11 U.S.C. §§ 1322(c)(2) and 1325(a)(5). Because the original loan maturity date is November 2013, this maturity date falls within the time frame permitted by the Chapter 13 plan. Plaintiffs points out that Section 1322(c)(2) is a statutory exception to the prohibition set forth in §1322(b)(2), therefore a secured loan can be modified if it matures before the last payment of the Chapter 13 plan. Summarily, because Defendant's undersecured claim can be bifurcated into secured and unsecured portions, the prohibitions of §1322(b)(2) to modify a claim secured by Plaintiffs' principal residence do not apply in the present case.

Summarily, Plaintiffs ask the court to bifurcate Defendant's undersecured claim into $7,587.88 secured and $10,106.78 unsecured.

3

In his Opposition, Defendant argues that the Canovanas Property, per an updated appraisal on February 5, 2013, has a fair market value of $100,000.00. Defendant points out that at the time Plaintiffs executed their first mortgage for RG Mortgage Corporation on June 28, 2002, the Canovanas Property was also appraised at $100,000.00. The February 5, 2013, appraisal is consistent with the comparable sales in the area that ranged from $90,000.00 to $102,500.00. Defendant argues that under the updated $100,000.00, bifurcation under §§1322(c)(2) and 1325(a)(5) may not be needed. Regardless, Defendant argues that summary judgment is not proper here because there is a genuine issue of material fact as to the fair market value of the Canovanas Property. Moreover, pursuant to § 506(a), a claim is secured only to the extent of the value of the Defendant's interest in the Plaintiffs' interest in the specific collateral. However, in this instant case, Plaintiffs cannot take advantage of § 506(a) because Defendant's security for the note extends only to real property that is the principal residence of Plaintiffs. Defendant further states that his claim cannot be bifurcated into secured and unsecured claims because §§ 506(a) and 1332(b)(2) do not allow Plaintiffs to modify Defendant's claim secured only by a security interest in real property that is the Plaintiffs' principal residence. Regardless, Defendant emphasizes that because the valuation of the Canovanas Property is in dispute, this Court should not grant summary judgment.

After reviewing the Plaintiffs' arguments, and the relevant law, this Court concludes that there are genuine issues as to material fact and that the moving party is not entitled to judgment as a matter of law. In a motion for summary judgment, in order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense *or* demonstrate that the nonmoving party does not have sufficient evidence of an

4

essential element to carry its ultimate burden of persuasion at trial. Lopez v. Corporacion Azucarera de Puerto Rico, 938 F.2d 1510, 1516-17 (1st Cir. 1991); High Tech Gays v. Defense Indus. Sec. Clearance Office, 895 F.2d 563, 574 (9th Cir.1990). In order to carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact. Id.

Therefore, if a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce any evidence, even to the extent that the nonmoving party would have the ultimate burden of persuasion at trial. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 160, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); High Tech Gays, 895 F.2d at 574. With such scenario above, the nonmoving party can then defeat a summary judgment motion without producing any evidence. See High Tech Gays, 895 F.2d at 574; Clark v. Coats & Clark, Inc., 929 F.2d 604, 607 (11th Cir.1991). On the contrary, if a moving party carries out its burden of production, the nonmoving party must produce evidence to support its claim or defense. See High Tech Gays, 895 F.2d at 574; Cline v. Industrial Maintenance Eng'g. & Contracting Co., 200 F.3d 1223, 1229 (9th Cir.2000). If the nonmoving party fails to produce sufficient evidence to create a genuine issue of material fact, the moving party prevails in the motion for summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). Alternatively, if the nonmoving party produces sufficient evidence to establish a genuine issue of material fact, the nonmoving party defeats the

motion. Id.

In this instant case, Defendant presented sufficient evidence as to the value of the Canovanas Property to demonstrate that there is a genuine issue of fact in dispute for a trial.

WHEREFORE, IT IS ORDERED that Plaintiffs' Motion for Summary Judgment shall be, and it hereby is, DENIED. Clerk to schedule a final pre trial hearing.

SO ORDERED

San Juan, Puerto Rico, this 19th day of September, 2013.

Brian K. Tester
U.S. Bankruptcy Judge